IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUSTEEL USA, INC. | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 14 – 1260 |
| | § | ADMIRALTY |
| WESTFAL–LARSEN SHIPPING | § | |
| AS, *etc., et al*. | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Husteel USA, Inc. files this Original Complaint against Defendants, Westfal–Larsen Shipping AS ("Westfal"), Cooper/T. Smith Stevedoring Company, Inc. ("Cooper") and R Warehousing & Port Services, Inc. ("Richardson"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.  This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1). The Court has supplemental jurisdiction of Plaintiff's claims against Richardson under 28 U.S.C. § 1367 because they are so related to the other claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.	Plaintiff is a California corporation with its principal place of business in Anaheim.

3.	At all times material, Westfal chartered, managed and/or operated the M/V OKIANA as a common carrier of goods by water for hire between various ports, including the Ports of Inchon, South Korea, Mokpo, South Korea and Houston.  Westfal is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Westfal is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Westfal may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Westfal has sufficient national minimum contacts with the United States as a whole.   The exercise of personal jurisdiction over Westfal is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Westfal with a summons is effective to establish personal jurisdiction over it.  Westfal can be served by serving the Texas Secretary of State.  Process or notice can be sent to

Westfall at its home office, Fortunen 1, PO Box 1249 Sentrum, 5811 Bergen, Norway.

4. At all times material, Cooper was a Texas corporation engaged in the business of loading and discharging cargos to and from vessels at the Port of Houston. Cooper can be served by its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201–3136.

5. At all times material, Richardson was a Texas corporation engaged in the business of handling and storing marine cargos, and carrying cargo over the road in interstate and/or intrastate commerce in, to and from places in Texas. Richardson can be served by its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201–3136.

6. On or about December 24 and 28, 2012, Plaintiff's shipper tendered in good order and condition to Westfal at Inchon and Mokpo various cargos of ERW steel pipe. Westfal agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges. Westfal acknowledged receipt of the cargos in good order and condition and accordingly therewith issued various bills of lading including Bills of Lading Nos. WFLH12WLS0116AC, E, F, I and J, and WFLH12WLS0135A through C and Q through S, at Seoul, South Korea, free of exceptions or other notations for loss or damage, and loaded the cargos aboard the M/V OKIANA.

7.      On or about February 3, 2013, the M/V OKIANA arrived at Houston where Westfal and Cooper later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed, compressed, short, slack, missing, never delivered and otherwise physically damaged.  The loss proximately resulted from Westfal's and Cooper's respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the losses proximately resulted from the unseaworthiness of the M/V OKIANA.

8.      Alternatively, the losses proximately resulted from Cooper's conduct in failing properly to discharge the cargos from the M/V OKIANA.  That conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

9.      Alternatively, Westfal and/or Cooper tendered the cargos in good order and condition to Richardson at the Port of Houston, and Richardson promised safely to receive, load, stow, secure, carry, unload and deliver to Plaintiff or its consignee at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.  Richardson acknowledged receipt of the cargos in good order and condition and accordingly therewith issued various bills of lading free of exceptions or other notations for shortage, damage or other loss.

10.     When Richardson later tendered to Plaintiff or its consignee the cargos, they

no longer were in the same good order and condition as when received but, on the contrary, much of the cargos was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed, compressed, short, slack, missing, never delivered and otherwise physically damaged. The losses proximately resulted from Richardson's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a bailee, and/or common carrier of goods by road for hire.

11.  Plaintiff proximately has sustained damages exceeding $25,831.72 plus interest dating from December 24, 2012, demand for which has been made upon Defendants but which they refuse to pay.

12.  At all times material, Plaintiff owned the cargos and/or brings these claims for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Husteel USA, Inc. prays that this Honorable Court adjudge that Defendants, Westfal–Larsen Shipping AS, Cooper/T. Smith Stevedoring Company, Inc. and R Warehousing & Port Services, Inc., jointly and severally, are liable to Plaintiff for its damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    550 Westcott, Suite 230
    Houston, Texas 77007-5096
    Telephone:    (713) 864–2221
    Facsimile:    (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

          ATTORNEYS FOR PLAINTIFF